# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| OSCAR BENJAMIN LOYA,<br><br>　　　　　　　Petitioner,<br>v.<br>TIM GARRET, *et al.*,<br>　　　　　　　Respondents. | Case No. 3:22-cv-00309-LRH-CLB<br><br>**ORDER** |

　　　This is a habeas corpus proceeding under 28 U.S.C. § 2254 (ECF No. 1-1). As directed by this Court's order of July 25, 2022 (ECF No. 5), Oscar Benjamin Loya filed, in support of his motion to proceed *in forma pauperis* ("IFP") (ECF No. 1), a signed financial certificate and a copy of his prison account statement for the six-month period prior to filing his petition (ECF No. 6).

　　　The Court finds Loya is unable to pay the filing fee and the application to proceed IFP will be granted. The Clerk will be ordered to file Loya's habeas petition (ECF No. 1-1) and motion for appointment of counsel and for an evidentiary hearing (ECF No. 3).

　　　The Court has reviewed Loya's habeas petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The petition will be served upon the respondents and will require a response.

　　　Loya's motion for appointment of counsel (ECF No. 3) will be denied. There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)). An indigent petitioner may request appointed counsel to pursue habeas relief. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id.* § 3006A(a)(2) (authorizing appointment of counsel "when the interests of justice so require"). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is so uneducated that he is incapable of fairly presenting his claims. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*,

623 F.2d 54, 61 (9th Cir. 1980).

Loya's petition appears sufficiently clear in presenting the issues that he wishes to raise, and the legal issues are not particularly complex. Loya has demonstrated sufficient ability to write and articulate his claims and has followed the Court's instructions to complete the application to proceed IFP. The Court appreciates that it is difficult for *pro se* petitioners to pursue their habeas claims and almost every *pro se* party would benefit from representation by counsel. However, Loya has made no showing as to why denial of counsel would amount to a denial of due process and the Court finds counsel is not otherwise warranted in this case.

Loya's motion for an evidentiary hearing (ECF No. 3) will be denied without prejudice. The Court has yet to examine each of Loya's habeas claims on the merits. Prior to conducting that examination, the Court is unable to determine whether an evidentiary hearing is required to adjudicate Loya's claims. The Court will reconsider Loya's motion if, following consideration of the merits of his claims, the Court determines that an evidentiary hearing is necessary.

IT IS THEREFORE ORDERED that the Clerk of the Court is directed to **FILE** the petition (ECF No. 1-1) and the motion for appointment of counsel and for an evidentiary hearing (ECF No. 3).

IT FURTHER IS ORDERED that Loya's motions for appointment of counsel and for an evidentiary hearing (ECF No. 3) are **DENIED** without prejudice.

IT FURTHER IS ORDERED that the Clerk of the Court add Aaron D. Ford, Attorney General for the State of Nevada, as counsel for the respondents and electronically serve upon the respondents a copy of the petition for writ of habeas corpus and a copy of this order.

IT FURTHER IS ORDERED that the respondents will have **60 days** from the date on which the petition is electronically served upon them to appear in this action and answer or otherwise respond to the petition. If the respondents file an answer, Loya will have **60 days** to file a reply to the answer. If the respondents file a motion to dismiss instead of an answer, the parties will brief the motion in accordance with LR 7-2 and 7-3 of the Local Rules of Practice for the United States District Court for the District of Nevada.

IT FURTHER IS ORDERED that procedural defenses raised by the respondents shall be

raised in a single consolidated motion to dismiss. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. The respondents shall not file a response that consolidates their procedural defenses, if any, with their responses on the merits, except under 28 U.S.C § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If the respondents seek dismissal of unexhausted claims under § 2254(b)(2) they must: (a) do so within the single motion to dismiss and not in the answer; and (b) specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005). All procedural defenses, including exhaustion, must be raised by motion to dismiss, and must not be included with the merits in an answer.

IT FURTHER IS ORDERED that in any answer filed on the merits, the respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response to that claim.

IT FURTHER IS ORDERED that any state court record and related exhibits filed herein by either party shall be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed shall be identified by the number or numbers of the exhibits in the attachment. If the exhibits will span more than one ECF Number in the record, the first document under each successive ECF Number shall be either (1) another copy of the index, (2) a volume cover page, or (3) some other document serving as a filler so that each exhibit under the ECF Number thereafter will be listed under an attachment number (i.e., Attachment 1, 2, etc.).

IT FURTHER IS ORDERED that the parties are directed to redact personal-data identifiers in all documents filed with Court as required by LR IC 6.

IT FURTHER IS ORDERED that hard copies of exhibits shall be delivered to the Reno Clerk's Office.

DATED THIS 25th day of August 2022.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE