UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| OSCAR BENJAMIN LOYA,<br><br>　　　　　　　　Petitioner,<br>v.<br>TIM GARRETT, *et al.*,<br><br>　　　　　　　　Respondents. | Case No. 3:22-cv-00309-LRH-CLB<br><br>ORDER |

Petitioner Oscar Benjamin Loya, a *pro se* Nevada prisoner, has filed a petition for writ of habeas corpus (ECF No. 9) under 28 U.S.C. § 2254. Before the Court is Respondents' Motion for Clarification of Petition (ECF No. 14) and Petitioner's Motions for Appointment of Counsel (ECF Nos. 14, 17, 20.)

## I. Background

Petitioner challenges a 2019 judgment of conviction imposed by the Eighth Judicial District Court for Clark County. The state court entered a judgment of conviction pursuant to a jury verdict of trafficking in a controlled substance as well as a judgment of conviction pursuant to a guilty plea of possession of a stolen vehicle, failure to stop upon the signal of a police officer, burglary, and possession of burglary tools. The state court sentenced Petitioner as a large habitual criminal. The Nevada Court of Appeals affirmed the judgement of conviction.

Petitioner filed a state petition for writ of habeas corpus. The Nevada Court of Appeals affirmed the state court's denial of relief. Petitioner initiated this federal habeas corpus proceeding *pro se*. ECF No. 1.

## II. Discussion

Petitioner seeks the appointment of counsel to assist him in this habeas action. There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)). An indigent petitioner may request appointed counsel to pursue habeas relief. 18 U.S.C.

§ 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id.* § 3006A(a)(2) (authorizing appointment of counsel "when the interests of justice so require"). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is so uneducated that he is incapable of fairly presenting his claims. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

Here, the appointment of counsel is in the interests of justice. Petitioner is serving a lengthy sentence of 10 to 25 years in the aggregate. Upon review of the state court record, as well as new details provided in Petitioner's renewed motion, the Court finds that appointment of counsel is in the interests of justice. Accordingly, the Court grants Petitioner's motions for appointment of counsel and provisionally appoints the Federal Public Defender's Office as counsel.

Because the Court appoints counsel and grants Petitioner leave to file an amended petition, the Court denies Respondents' motion for clarification (ECF No. 14).

**III.    Conclusion**

**IT IS THEREFORE ORDERED:**

1. Respondents' Motion for Clarification of Petition (ECF No. 14) is denied.

2. Petitioner's Motions for Appointment of Counsel (ECF Nos. 15, 17, 20) are granted.

3. The Federal Public Defender is provisionally appointed as counsel and will have until 30 days to undertake direct representation of petitioner or to indicate the office's inability to represent Petitioner in these proceedings. If the Federal Public Defender is unable to represent Petitioner, I will appoint alternate counsel. The counsel appointed will represent Petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates setting the deadline for approximately 90 days from entry of the formal order of appointment.

4. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains

responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

5. The Clerk of the Court will send a copy of this order to the *pro se* petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division.

IT IS SO ORDERED.

DATED this 30th day of August, 2023.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE