1
2
3                          UNITED STATES DISTRICT COURT
4                               DISTRICT OF NEVADA
5                                      * * *
6    OSCAR BENJAMIN LOYA,                      Case No. 3:22-cv-00309-MMD-CLB
7                          Petitioner,                        ORDER
8         v.
     TIM GARRETT, *et al.*,
9
                           Respondents.
10

11   **I.       SUMMARY**

12          Petitioner Oscar Benjamin Loya filed a counseled First Amended Petition. (ECF

13   No. 34 ("Petition").) Respondents filed a motion to dismiss the Petition ("Motion to

14   Dismiss" (ECF No. 49)) alleging all grounds in the Petition, except Ground 1(D), are

15   untimely and do not relate back to the original petition, and that grounds 1(A)-1(D) are not

16   cognizable. Respondents also filed a motion for leave to file exhibits under seal. (ECF

17   No. 45 ("Motion to Seal").) Loya filed a motion to strike the Motion to Dismiss, or

18   alternatively, a motion for a more definite statement (ECF No. 51 ("Motion to Strike")) and

19   requested an extension of time to respond to the Motion to Dismiss.[1]

20   **II.      DISCUSSION**

21          **A.      Motion to Dismiss and Motion to Strike**

22          In their Motion to Dismiss, Respondents argue this Court must dismiss Grounds

23   1(A)-1(C) and 1(E)-1(G) of the Petition because they "do not share a common core of

24   operative facts with the original petition such that they relate back to the original petition"

25   and because "the facts differ in time *or* type from the facts alleged in the timely petition."

26   (ECF No. 49 at 6-7.) Respondents include in their motion legal standards for the Anti-

27   Terrorism and Effective Death Penalty Act statute of limitations and relation back. (*Id.* at

28   _____
          [1]Respondents responded (ECF No. 52) and Loya replied (ECF No. 53).

4-7.) Respondents listed the grounds raised in the Petition but listed none of the grounds raised in the original petition. (*Id.* at 3-4.)

Loya argues the Motion to Dismiss is not specifically pleaded, does not provide fair notice, and fails to comply with the notice pleading standard of the Federal Rules of Civil Procedure. (ECF No. 51 at 2-7.) He asserts the Motion to Dismiss fails to articulate, beyond conclusory statements, how Loya's claims do not relate back to the original timely petition. (*Id.*)

Habeas Rule 5(b) states, "[t]he answer must address the allegations in the petition. It must also state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations." Although this rule does not mention the specificity of response required in a motion to dismiss, until recently it was a longstanding practice in this district for Respondents to identify in such motions the grounds they claimed did not relate back and to explain why. Although Respondents listed the grounds they claim do not relate back, and generally argue those grounds "do not share a common core of operative facts with the original petition such that they relate back to the original petition" and "the facts differ in time *or* type from the facts alleged in the timely petition," such allegations are conclusory and the Motion to Dismiss does not otherwise specify any reasons why the claims do not relate back to the original petition.

Respondents' reliance on the Ninth Circuit's decision in *Ross v. Williams*, to argue they have no obligation to further specify the reasons why they claim the grounds in the petition do not relate back because the burden to prove relation back falls on the habeas petitioner, is misguided. 950 F .3d 1160, 1172 (9th Cir. 2020) (en banc). The Circuit in *Ross* held factual allegations contained in an amended petition related back to facts set forth in documents (in that case, a state court order) attached to an original timely filed pro se petition. *Id.* at 1164-1166. The state's pleading burden was not an issue that was ruled upon in *Ross. See, e.g.*, *United States v. Kirilyuk*, 29 F.4th 1128, 1134 (9th Cir. 2022) (acknowledging the Ninth Circuit has repeatedly stated that "[q]uestions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are

1  not to be considered as having been so decided as to constitute precedents" (quoting

2  *United States v. Ped*, 943 F.3d 427, 434 (9th Cir. 2019))).

3          Here, Respondents' timeliness challenge in the Motion to Dismiss evades the

4  spirit, if not the letter, of the specificity requirement in Habeas Rule 5(b). And it frustrates

5  the judicial process by ensuring that the heart of the relation-back issues is not reached

6  until Respondents' reply brief, depriving Loya of the fair opportunity to address it, and

7  leaving the Court with an incomplete analysis. To avoid this scenario and ensure fairness

8  in this process, the Court grants the Motion to Strike and for a more definite statement,

9  strikes the untimeliness argument in the Motion to Dismiss, and denies the remainder of

10 that motion without prejudice to Respondents' ability to reassert it in a renewed motion.

11 The Court will allow Respondents to either answer the Petition or file a renewed motion

12 to dismiss in which they specifically explain their untimeliness argument and any relation-

13 back arguments on a claim-by-claim basis.[2]

14         **B.    Motion to Seal**

15         Respondents seek leave to file under seal Exhibits 8, 32, and 33, in support of the

16 Motion to Dismiss. (ECF No. 45.) Exhibits 8, 32, and 33 consist of Presentence

17 Investigation Reports ("PIR") and related attachments. (ECF Nos. 46-1; 46-2; 46-3.) Loya

18 did not file an opposition and the time to do so has expired.

19         To overcome the strong presumption in favor of public access, the party seeking

20 sealing must make a particularized showing as to why the exhibit should be sealed and

21 provide compelling reasons, supported by specific factual findings, for his request. *See*

22 *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Pintos v. Pac.*

23 *Creditors Ass'n,* 605 F.3d 665, 678 (9th Cir. 2010). In general, compelling reasons for

24 sealing exist when court records might become a vehicle for improper purposes, such as

25 "to gratify private spite, promote public scandal, circulate libelous statements, or release

26         [2]Loya seeks an extension of time to file his opposition to Respondents' Motion to
27 Dismiss until the Court issues a ruling on his motion to strike. The Court finds the request
   is made in good faith and not solely for the purpose of delay, and therefore, good cause
28 exists to grant the motion. If the respondents file a renewed motion to dismiss as provided
   herein, Local Rule LR 7-2(b) governs the response and reply time.

trade secrets." *Demaree v. Pederson*, 887 F.3d 870, 884 (9th Cir. 2018) (quoting *Kamakana*, 447 F.3d at 1179). Under Nevada law, the PIR is "confidential and must not be made a part of any public record." NRS § 176.156(5).

Having reviewed and considered the matter under *Kamakana* and its progeny, and because Loya does not object, the Court finds that a compelling need to protect the privacy of the individuals referred to in the PIRs and related attachments outweighs the public interest in open access to the court records. The Court will grant Respondents' motion (ECF No. 45) and consider Exhibits 8, 32, and 33 (ECF Nos. 46-1; 46-2; and 46-3) properly filed under seal.

## III.    CONCLUSION

It is therefore ordered that Petitioner Oscar Benjamin Loya's motion to strike or alternatively for a more definite statement (ECF No. 51) is granted. The Clerk of Court is directed to strike Respondents' motion to dismiss (ECF No. 49).

It is further ordered that Respondents will have 30 days after the entry of this order to file either a renewed motion to dismiss or an answer. The briefing schedule in the August 25, 2022, order (ECF No. 8) otherwise remains in effect.

It is further ordered that Respondents' motion to seal Exhibits 8, 32, and 33 (ECF No. 45) is granted. The documents filed as ECF Nos. 46-1; 46-2; and 46-3 are considered properly filed under seal and will remain under seal.

DATED THIS 2nd Day of January 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE