UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| OSCAR BENJAMIN LOYA, | Case No. 3:22-cv-00309-MMD-CLB |
| Petitioner, | ORDER |
| v. | |
| TIM GARRETT, *et al*., | |
| Respondents. | |

## I.    SUMMARY

Petitioner Oscar Benjamin Loya, a Nevada state prisoner, filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 34.) This habeas matter is before the Court on Loya's Motion for Leave to File Document (ECF No. 82 ("Motion")). For the reasons discussed below, the Court grants Loya's Motion.

## II.    BACKGROUND

Loya challenges a 2019 judgment of conviction imposed by the Eighth Judicial District Court for Clark County. The state district court entered a judgment of conviction pursuant to a jury verdict for trafficking in a controlled substance as well as a judgment of conviction pursuant to a guilty plea for possession of a stolen vehicle, failure to stop upon the signal of a police officer, burglary, and possession of burglary tools. The Nevada Court of Appeals affirmed the judgement of conviction.

Loya filed a state petition for writ of habeas corpus. The Nevada Court of Appeals affirmed the state court's denial of relief. Loya initiated this federal habeas corpus proceeding *pro se*. (ECF No. 1.) Following the appointment of counsel, he filed his first amended petition raising ineffective assistance of counsel claims. (ECF No. 34.) In its order granting, in part, and denying, in part, Respondents' motion to dismiss, the Court deferred ruling on whether Loya can demonstrate cause and prejudice under *Martinez v.*

*Ryan*, 566 U.S. 1 (2012), to overcome the procedural default of Claim 1(A) until full merits briefing. (ECF No. 70 at 10.)

Loya now moves for leave to file his declaration, Exhibit 12, in support of Claim 1(A). Respondents argue that the Court should not consider the declaration because Loya was not diligent within the meaning of 28 U.S.C. §2254(e)(2). They assert that the factual arguments in the declaration were never properly developed in state court in accordance with the Supreme Court's decision in *Shinn v. Ramirez*, 596 U.S. 366, 378 (2022).

**III.    DISCUSSION**

Generally, the merits of claims raised in a federal habeas corpus petition are decided on the record that was before the state court when it adjudicated a claim. *See Cullen v. Pinholster*, 563 U.S. 170, 180-81 (2011). The Antiterrorism and Effective Death Penalty Act restricts a federal habeas court's authorization to hold an evidentiary hearing where an applicant failed to develop a factual basis for a claim in state court proceedings:

> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
> (A) the claim relies on—
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2)(A)-(B). The Supreme Court has held that although § 2254(e)(2) refers only to evidentiary hearings, its provisions apply to a federal habeas court's consideration of evidence. *See McLaughlin v. Oliver*, 95 F.4th 1239, 1248-49 (9th Cir. 2024) (acknowledging *Shinn* "reaffirmed that [2254(e)(2)]'s restrictions not only apply to evidentiary hearings, but also "when a prisoner seeks relief based on new evidence *without* an evidentiary hearing") (citing *Shinn*, 596 U.S. at 389; quoting *Holland v. Jackson*, 542 U.S. 649, 653 (2004)).

2

For purposes of determining whether a petitioner must first meet the prerequisites of § 2254(e)(2), the term "fail" means "the prisoner must be 'at fault' for the undeveloped record in state court." *Williams v. Taylor*, 529 U.S. 420, 432 ("[A] failure to develop the factual basis of a claim is not established unless there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel."); *see also Shinn*, 596 U.S. at 382 (affirming the prerequisites in § 2254(e)(2) apply only "when a prisoner 'has failed to develop the factual basis of a claim'"). "Diligence for purposes of [§ 2254(e)(2)'s] opening clause depends upon whether the prisoner made a reasonable attempt, *in light of the information available at the time*, to investigate and pursue claims in state court; it does not depend ... upon whether those efforts could have been successful." *Williams*, 529 U.S. at 435 (emphasis added). "Diligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court *in the manner prescribed by state law*." *Id.* at 437 (emphasis added); *see also Baja v. Ducharme*, 187 F.3d 1075, 1079 (9th Cir. 1999) (denying evidentiary hearing because petitioner did not comply with state law that required petitioner to come forward with affidavits or other evidence to the extent his claim relied on evidence outside the record).

Loya must meet the requirements of § 2254(e)(2) before the Court may, in considering *Martinez* or the merits, grant an evidentiary hearing or consider his declaration. *See Shinn*, 596 U.S. at 382, 385, 389; *Williams*, 529 U.S. at 439-40; *Holland*, 542 U.S. at 653. Loya relies on *Rodney v. Garrett*, 116 F.4th 947 (9th Cir. 2024). In *Rodney*, the Ninth Circuit found that the petitioner did not fail to develop the state court record within the meaning of the statute precluding an evidentiary hearing where the petitioner had requested appointment of post-conviction counsel during the initial review collateral proceeding and had argued that counsel was necessary for purposes of investigation and discovery.

Loya argues that he was diligent in his post-conviction proceedings because he requested the appointment of counsel, but the state district court denied Loya's motion for appointment of counsel and denied his state habeas petition without an evidentiary

3

hearing. Similar to the petitioner in *Rodney*, Loya was not at fault for not developing the factual basis of his claims in his state habeas proceeding, and was diligent in attempting to do so, and therefore did not fail to do so within the meaning of § 2254(e)(2). He meets the minimum threshold for diligence. Accordingly, the Court is permitted to consider Loya's declaration and grants Loya's Motion.

**IV.     MOTION TO EXTEND**

Respondents seek an extension of time to file their answer. (ECF No. 89.) The Court finds that the request is made in good faith and not solely for the purpose of delay, and therefore, good cause exists to grant the motion. Respondents have until May 25, 2026, to file their Answer.

**V.      CONCLUSION**

It is therefore ordered that Petitioner Oscar Benjamin Loya's Motion for Leave to File Document (ECF No. 82) is granted.

It is further ordered that Respondents' second unopposed motion to extend (ECF No. 89) is granted. Respondents have until May 25, 2026, to file their Answer.

DATED THIS 27th Day of April 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE